UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cv-00118-LJM-MJD |
| ) | |
| WALMART STORES, INC. ASSOCIATES ) | |
| HEALTH AND WELFARE PLAN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER ON DEFENDANT'S MOTION TO DISMISS**

This case began in the Vigo County Superior Court as a declaratory judgment action. Therein, Plaintiff James E. Smith ("Smith" or "Plaintiff") requested that the court declare that his insurance company could not seek reimbursement from his settlement amount because he was totally and permanently disabled. The case was removed to this court by Defendant Walmart Stores, Inc. Associates Health and Welfare Plan ("Defendant" or the "Plan"). Defendant asserted that because Smith was making a claim against the administrator of the plan (the "Plan Administrator") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), the provisions of ERISA preempt any state claim.

Smith's claims do in fact arise out of his participation in the Plan, which is a self-funded employee welfare plan. Plaintiff Smith has not opposed this position and rightfully so. Pursuant to *Aetna Health v. Davila*, 532 U.S.200 (2004), this dispute is governed not by state law but by the provisions of ERISA. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 612 (2013). Smith clearly could have brought his claim under 29 U.S.C. § 1132. Therefore, this suit is properly in federal court.

## I. BACKGROUND FACTS

Smith was injured in an automobile accident. He incurred medical bills in the amount of $367,820.26. At that time he was an insured participant in the Plan. The Plan provided him with benefits of at least $165,398.00. The Plan Administrator learned of the settlement of the law suit between Smith and the driver of the other vehicle. Smith was notified on August 25, 2011 (the "Notice"), of the Plan Administrator's intention to seek reimbursement pursuant to the provisions of the Plan. The Administrator sent the 2011 Associates' Benefits Book's (the "Benefit Book's") Subrogation and Reimbursement provisions along with the Notice.

Under the terms of the Plan, if the insured is totally disabled, the Plan Administrator will not seek reimbursement. Also under the terms of the Plan, if Smith believed that his settlement was not subject to reimbursement, he had twelve months from the receipt of the Notice to submit his claim. Smith asserts both that he is disabled and that he notified the Plan Administrator with his claim of exemption from the reimbursement rule within the time limits required. Defendant asserts that Smith's response to its notice of reimbursement regarding Smith's claim was not received until July 31, 2013, with a cover letter dated May 21, 2013. Thus, Smith's response was more than nine months beyond the one-year deadline.

After the initial Notice of Lien was sent on August 25, 2011, setting out a lien amount of $26,734.27, Smith's attorney sent a September 26, 2011, letter to the Plan acknowledging the Notice of Lien and asking for a detailed itemization of the claim. In June of 2012, at the request of the Plan Administrator, Smith's attorney agreed to protect the lien.

In February of 2013 Smith's attorney faxed the Plan asking for an update of the amount of the lien. Not until February 27, 2013, did Smith's attorney notify the Plan that Smith had been told by his doctor that he was totally and permanently disabled and reminded the Plan Administrator that the Benefits Book provided that the Plan would not seek reimbursement if the claimant was totally and permanently disabled. Smith's attorney did not provide the Plan Administrator with any written conclusions from the doctor.

Smith avers that his attorney additionally notified the Plan on April 8, 2013, that Smith was awaiting the disability determination from his doctor. The disability confirmation was received by Smith on May 5, 2013, and Smith's Attorney sent a note to the Plan Administrators in May 2013, which Defendant asserts it did not receive until July 31, 2013. The Plan responded to Smith's attorney on August 15, 2013, indicating that the claim was denied because it was untimely.

The initial August 15, 2013, denial was appealed and a final denial was issued on January 14, 2013. Smith acknowledges that his attorney received a Lien Update in the amount of $166,780.25 on December 17, 2013. Smith's position is that the December 17, 2013, correspondence is in fact a Notice of Lien and should be considered as having triggered a new twelve-month claim period.

## II. **STANDARD**

Defendant has moved to dismiss on the grounds that Smith failed to exhaust his administrative remedies under the Plan prior to filing this suit. The parties do not dispute any facts necessary to determine whether or not Smith's notice to the Plan was late and, in fact, both parties rely on matter outside of the pleadings to support their positions. *See*

3

Dkt. Nos. 13 & 29.  Although notice is usually required before conversion of a motion to dismiss to one for summary judgment, Fed. R. Civ. P. 12(d), here, each party has been given the opportunity to and did respond to the other's evidence.  Therefore, it is clear that the parties considered this issue ripe for summary judgment and that would be the standard the Court would apply to the issue.  Under these circumstances, the Court , *sua sponte*, converts Defendant's Motion to Dismiss to one for summary judgment.  *Cf. Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 684-85 (7th Cir. 1994) (discussing situations in which every party has reason to know when a court will convert a motion to dismiss to one for summary judgment); *Hi-Way Dispatch, Inc. v. United States*, 858 F. Supp. 880, 881 (N.D. Ind. 1994).

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267–68 (7th Cir. 1990).  Motions for summary judgment are governed by Rule 56(a) of the Federal Rules of Civil Procedure, which provides in relevant part:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials showing that a fact either is or cannot be genuinely disputed.  Fed. R. Civ. P. 56(c)(1).  A genuine issue of material fact exists whenever "there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Goodman v. Nat'l Sec. Agency, Inc.*. 621 F.3d 651, 654 (7th Cir. 2010). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying applicable evidence. *See Goodman*, 621 F.3d at 654; *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Berry v. Peterman*, 60 F.3d 435, 438 (7th Cir. 2010); *Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the Court to the lack of evidence as to an element of that claim. *See Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 & n.3 (7th Cir. 1994). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at

5

trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. **DISCUSSION**

First, Smith's position is that the December 17, 2013, correspondence from the Plan Administrator is in fact a Notice of Lien and should be considered as having triggered a new twelve-month claim period. But, the Court finds such a position untenable because the correspondence is clearly delineated as a "Lien Update." Second, from the agreed upon evidence, there is no material question of fact that Smith's notice to the Plan that he was disabled was in fact not provided within the twelve-month window of opportunity from the Notice of Lien. To be timely, such a claim should have been filed by August 24, 2012. The earliest the Plan Administrator was told of the possibility of total and permanent disability was April of 2013, several months before the claim was filed.

Under ERISA, the parties to a plan can contract for a limitations period and for that time at which the limitations period commences. *See Heimeshoff*, 134 S. Ct. at 611. This Plan clearly provides those limitations and Smith has made no argument that the limitations period is otherwise unreasonable. An application of the appropriate provisions of the Plan leads to only one conclusion: that Smith was too late in notifying the Plan Administrator of his disability. Defendants' Motion to Dismiss, having been converted to a Motion for Summary Judgment, is therefore **GRANTED**. Judgment shall issue accordingly.

IT IS SO ORDERED this 9th day of October, 2014.

Distribution attached.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com

John Gordon Howard
LAWRENCE & RUSSELL PLC
gordonh@lawrencerussell.com

Thomas H. Lawrence
LAWRENCE & RUSSELL, LLP
toml@lawrencerussell.com

J. Gordon Howard
LAWRENCE & RUSSELL, PLC
gordonh@lawrencerussell.com

Christopher B. Gambill
WAGNER CRAWFORD GAMBILL & TROUT
cgambill@wagnerlawfirm.biz